**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

PATRICIA FOX, on behalf of herself and all others similarly situated,

Plaintiff,

v.

PRIME GROUP REALTY TRUST, et al.,

Defendants.

Case No. 1:12-CV-09350

Hon. Matthew F. Kennelly

**STIPULATED PROTECTIVE ORDER**

This matter comes before this Court pursuant to Fed. R. Civ. P. 26(c) and Northern District of Illinois Local Rule 26.2 on an Agreed Motion for Stipulated Protective Order;

Whereas, documents and information may be sought, produced or exhibited that contains or relates to confidential client identification and financial information, trade secrets or other confidential research, development, or commercial information;

Whereas, the parties to this proceeding seek to expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c);

Whereas, the parties are familiar with the protections pursuant to Fed. R. Civ. P. 26(c)(1) and the parties and counsel will act in good faith and in accordance with such law in designating information pursuant to the protection provided by this Order; and

Whereas, the Court finds good cause shown;

IT IS HEREBY ORDERED THAT:

A. **Definitions**

1. “Action” or “Litigation” means the above-captioned litigation.

2. “Party” means any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

3. “Discovery Material” means all information, documents, and things produced, served, or otherwise provided in this Action by the Parties or by non-parties.

4. “Confidential Discovery Material” means information, documents, and things the Producing Party believes in good faith are not generally known to others, including confidential financial matters. For example, Defendant Prime Group Realty Trust (“PGRT”) anticipates producing, among other things, confidential Board of Trustees’ materials, confidential tenant leases, confidential financial statements, and business agreements that themselves contain confidentiality clauses. “Confidential Discovery Material” shall also includes information, documents, and discovery responses or deposition testimony which the Producing Party believes in good faith are protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

5. “Producing Party” means a Party or non-party that produces Discovery Material in this Action.

6. “Receiving Party” means a Party that receives Discovery Material from a Producing Party. For example, the Receiving Party here represents herself and a proposed class of Series B Shareholders.

7. “Designated Discovery Material” means Discovery Material that is designated “Confidential” under this Order.

8. “Counsel of Record” means (i) counsel who appear on the pleadings as counsel for a Party, and (ii) other counsel who are working on the litigation, including partners, associates, and employees of such counsel to whom it is reasonably necessary to disclose the information for this Litigation, including supporting personnel employed by the attorneys, such as paralegals, translators, legal secretaries, legal clerks and shorthand reporters, or (iii) independent legal translators retained to translate in connection with this Action, or independent shorthand reporters retained to record and transcribe testimony in connection with this Action.

9. “Outside Consultant” means a person with specialized knowledge or experience in a matter pertinent to the Litigation who has been retained by a Party or Counsel of Record to serve as an expert witness or as a consultant in this Action and who is not a current employee of a Party or of a competitor of the opposing Party and who, at the time of retention, is not anticipated to become an employee of a Party or of a competitor of the opposing Party.

10. “Professional Vendors” means persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees or subcontractors. This definition includes a professional jury or trial consultant retained in connection with this Litigation and mock jurors retained by such a consultant to assist them in their work. Professional vendors do not include consultants who fall within the definition of Outside Consultant.

B. **Scope**

The protections conferred by this Order cover not only Designated Discovery Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof. Identification of any individual pursuant

to this Protective Order does not make that individual available for deposition or any other form of discovery outside the restrictions and procedures of the Federal Rules of Civil Procedures, the Local Rules of this Court, and/or the Standing Orders of the Honorable Matthew Kennelly or any other judge or magistrate judge assigned to this Action.

C. **Access to Designated Discovery Material**

1. Confidential Discovery Material. Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any information, document, or thing designated "Confidential" only to:

a) Employees of the Receiving Party that are either the Receiving Party's attorneys or the supporting personnel for those employee attorneys;

b) Employees of the Receiving Party excluding those referred to in Paragraph (C)(1)(a) to whom disclosure is reasonably necessary for the management, supervision, or oversight of this Litigation;

c) Persons who appear on the face of Designated Discovery Material as an author, addressee, or recipient thereof;

d) Counsel of Record;

e) Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this Litigation and who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

f) Witnesses at deposition and/or trial, provided that such witnesses may not retain copies of Designated Discovery Material unless permitted by other provisions of this Order;

g) The Court and its personnel;

h) Any designated arbitrator or mediator who is assigned or engaged to hear this matter, and his or her staff, who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

i) Court reporters and videographers;

j) Professional Vendors to which disclosure is reasonably necessary for this Litigation and a representative of which has signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A; and

k) Any other person mutually agreed upon in writing by the Producing Party and the Receiving Party prior to disclosure.

2. Each person to whom Designated Discovery Material may be disclosed, and who is required to sign the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A, shall sign the "Agreement To Be Bound By Protective Order" prior to the time such Designated Discovery Material is disclosed to him or her. Counsel for a party who makes any disclosure of Designated Discovery Material shall retain each original executed certificate.

3. At the request of the Producing Party, persons not permitted access to Designated Discovery Material under the terms of this Protective Order shall not be present at depositions while the Producing Party's Designated Discovery Material is discussed or otherwise disclosed. Pre-trial and trial proceedings shall be conducted in a manner, subject to the supervision of the Court, to protect Designated Discovery Material from disclosure to persons not authorized to have access to such Discovery Material. Any Party intending to disclose or discuss Designated Discovery Material at pretrial or trial proceedings must give advance notice to assure the implementation of the terms of this Protective Order.

Case: 1:12-cv-09350 Document #: 43 Filed: 12/07/12 Page 6 of 16 PageID #:417

D. **Use Of Designated Discovery Material**

1. Use Of Designated Discovery Material By Receiving Party. Unless otherwise ordered by the Court or agreed to in writing by the Parties, all Designated Discovery Material shall be used by the Receiving Party only for purposes of this Litigation and shall not be used in any other way. Information contained or reflected in Designated Discovery Materials shall not be disclosed in conversations, presentations (by parties or counsel, vendors, experts, consultants, or otherwise) in court or in other settings that might reveal Designated Discovery Material, except in accordance with the terms of this Order.

2. Use Of Designated Discovery Material By Producing Party. Nothing in this Order shall prevent a Producing Party from using or disclosing its own documents or information as it deems appropriate. Nothing in this Order shall require a Producing Party to obtain an executed "Agreement To Be Bound By Protective Order" (Exhibit A) from any person in connection with the Producing Party's use or disclosure of its own documents or information.

3. Use of Designated Discovery Material at Depositions. Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning Designated Discovery Material if the provisions of this Order are complied with.

E. **Procedure for Designating Discovery Materials**

1. Subject to the limitations set forth in this Order, a Producing Party may designate as "Confidential" information the Producing Party believes in good faith meets the definition set forth above.

        2.      Except as otherwise provided in this Order or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be designated in accordance with this Paragraph (E) before the material is disclosed or produced.

        3.      Designation in conformity with this Order requires:

        a)      For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL."

        b)      For testimony given in deposition or in other pretrial or trial proceedings, the Producing Party shall specify any portions of the testimony that it wishes to designate as "Confidential". In the case of deposition, the Producing Party may also designate any portion of a deposition transcript as "Confidential" by informing the reporter and opposing party in writing within thirty (30) calendar days of completion of the deposition of the designations to be applied. This designation may also be made on the record at the time of the deposition. All deposition transcripts not marked at least "Confidential" during the deposition will nonetheless be treated as "Confidential" until the thirty (30) day period has expired. Transcript pages containing Designated Discovery Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed by the Producing Party. A Party may designate an entire deposition transcript as confidential absent objection from the opposing party.

        c)      For information produced in some form other than documentary, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or thing is stored the legend "CONFIDENTIAL".

F. **No Waiver of Privilege**

Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery. Within five (5) calendar days after the Producing Party becomes aware of having disclosed or permitted inspection of documents to which any applicable privilege or immunity from discovery applies, the Producing Party shall designate such documents as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity, and shall request in writing return of such documents to the Producing Party. Within ten (10) calendar days after the request by the Producing Party, the Receiving Party shall return or destroy all copies of such inadvertently produced document(s), shall destroy any documents summarizing or referring to such document(s), and shall affirm to the Producing Party in writing that said destruction and/or return has taken place. The Receiving Party may, upon return and/or destruction, then move the Court for an order compelling production of the document(s) in question, but the Receiving Party shall not assert as a ground for entering such an order a claim of waiver or the fact or circumstances of the production or inspection, and the Receiving Party may not use the document itself or its contents in its efforts to compel production.

G. **Inadvertent Failure to Designate**

If a producing party inadvertently fails to designate qualified information, documents or things as “Confidential,” the Producing Party shall notify the Receiving Party in writing that the material is to be designated as “Confidential.” Upon receipt of such notice, the Receiving Party must assure that the material is treated in accordance with the terms of this Order, subject to the right to challenge the propriety of such designation(s). The Producing Party

shall provide substitute copies of the documents bearing the confidentiality designation, and the Receiving Party shall destroy the documents that did not bear the confidential designation.

H. **Filing Designated Discovery Material**

1. Without written permission from the Producing Party or a Court Order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Designated Discovery Material but must file such Designated Discovery Material under seal in conformance with the Court’s rules and procedures. No documents may be filed under seal, absent a motion, filed and noticed for hearing prior to the due date of the particular filing, showing good cause for sealing a portion of the record in the case. The parties agree that the mere fact that information has been designated as confidential by a party is insufficient in and of itself to permit filing under seal. Rather, a party seeking to file material under seal must set forth in its motion why the record should be sealed. In any case in which Judge Kennelly permits a portion of a document to be filed under seal, the party claiming confidentiality must also file a public-record version that includes the entire filing except for the portions that are being filed under seal.

2. Discovery Material filed under seal shall bear the caption of the case, case number, title of the motion or response to which the submitted confidential information pertains, and the name and telephone number of counsel submitting the documents, the words “Confidential Information — Under Protective Order,” as appropriate, and a statement substantially in the following form:

> This envelope contains confidential information filed in this case by (name of party) and is not to be opened nor the contents thereof to be displayed or revealed except by order of the Court presiding over this matter.

I.      **Challenges to Confidentiality Designations**

1.      The parties will use reasonable care when designating documents or information as "Confidential." Nothing in this Order shall prevent a Receiving Party from contending that any or all documents or information designated as "Confidential" Discovery Material have been improperly designated.

2.      A party shall not be obligated to challenge the propriety of a "Confidential" designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall particularly identify the documents or information that the Receiving Party contends should be designated differently. Counsel for the Producing Party and the Receiving Party shall meet and confer in an effort to resolve any disputes. If agreement cannot be reached after both parties have undertaken a reasonable effort to resolve the dispute, the Designating Party may request that the Court confirm a "Confidential" designation pursuant to Federal and Local Rules. Failing to pursue the issue waives within ten (10) days thereafter waives the protection. The Designated Discovery Material shall be treated as confidential pending any contrary ruling from the Court.

J.      **Protected Discovery Material Subpoenaed or Ordered Produced In Other Litigation**

If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents or things designated in this Action as "Confidential" the Receiving Party must so notify the Producing Party, in writing (by fax and e-mail) promptly and in no event more than ten (10) calendar days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order. The Receiving party also must

immediately inform in writing the party who caused the subpoena or order to issue that some or all the Discovery Material covered by the subpoena or order is the subject of this Protective Order, In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Producing Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Producing Party shall bear the burdens and the expenses of seeking protection in that court of its Designated Discovery Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

K. **Unauthorized Disclosure Of Designated Discovery Material**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Discovery Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated Discovery Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Agreement To Be Bound By Protective Order" that is attached hereto as Exhibit A. The Receiving Party shall keep the Producing Party apprised of its remedial efforts under (b) through (d).

L. **Non-Party Use of this Protective Order**

1. A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and

shall receive the same level of protection under this Protective Order as any party to this lawsuit.

2. A non-party's use of this Protective Order to protect its "Confidential" information does not entitle that non-party access to "Confidential" information produced by any party in this case.

M. **Duration**

Even after the termination of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

N. **Final Disposition**

Unless otherwise ordered or agreed to in writing by the Producing Party, within one hundred eighty (180) calendar days after the final termination of this Action, each Receiving Party must destroy or return all Designated Discovery Material to the Producing Party. As used in this Paragraph, "all Designated Discovery Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Designated Discovery Material. Upon written request from the Producing Party, the Receiving Party must submit a written confirmation of the return or destruction to the Producing Party (and, if not the same person or entity, to the Producing Party) by the 180-day deadline. Notwithstanding this provision, both attorney employees or officers of the Receiving Party who have been involved in the management, supervision, or oversight of this Litigation, and Counsel of Record may retain an archival copy of all pleadings, motion papers, deposition transcripts (including exhibits), discovery requests and responses (including exhibits), exhibits offered or introduced into evidence at trial, legal memoranda, correspondence or attorney work product, even if such materials contain Designated Discovery Material. Any such archival copies that contain or

constitute Designated Discovery Material remain subject to this Protective Order as set forth in Paragraph M (Duration), above.

O. **Miscellaneous**

1. This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection or to relax or rescind the restrictions of this Order, when convenience or necessity requires. Nothing in this Order abridges the right of any person to seek to assert other objections. No Party waives any right it otherwise would have to object to disclosing or producing any information, documents, or things on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order. The Court shall take appropriate measures to protect Designated Discovery Material at trial and any hearing in this case.

2. A Producing Party shall not redact documents except for the purposes of withholding privileged information, work product, and personal identifiers or by the parties' agreement or court order.

3. This Order shall not diminish any existing obligation or right with respect to Designated Discovery Material, nor shall it prevent a disclosure to which the Producing Party consents in writing before the disclosure takes place.

4. The United States District Court for the Northern District of Illinois is responsible for the interpretation and enforcement of this Protective Order. All disputes concerning Designated Discovery Material produced under the protection of this Protective Order shall be resolved by the United States District Court for the Northern District of Illinois. Every individual who receives any Designated Discovery Material agrees to subject himself or

herself to the jurisdiction of this Court for the purposes of any proceedings related to performance under, compliance with, or violation of this Order.

Dated: December 7, 2012                    Respectfully submitted,

/s/Clinton A. Krislov
Clinton A. Krislov
KRISLOV & ASSOCIATES, LTD.
20 North Wacker Drive, Suite 1350
Chicago, IL 60606
Telephone: (312) 606-0500
Facsimile: (312) 606-0207
clint@krislovlaw.com

Merrill G. Davidoff
Robin B. Switzenbaum
Lawrence Deutsch
Jeffrey L. Osterwise
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4613
mdavidoff@bm.net

Gerald W. Berger
LAW OFFICE OF GERALD W. BERGER
First National Tower
106 S. Main St., Suite 2500
Akron, Ohio 44308-1447
Telephone: (330) 253-2195
Facsimile: (330) 996-8175
gwb@voyager.net

*Attorneys for Plaintiff*

/s/Lawrence R. Desideri
Lawrence R. Desideri
William C. O'Neil
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
ldesideri@winston.com
woneil@winston.com

*Attorneys for Defendants Jeffrey A. Patterson, James G. Glasgow, Jr., Scott R. Leitman, David L. Reynolds, Shawn R. Tominus, John M. Sabin, and George R. Whittemore*

Robert N. Hermes
James Morsch
BUTLER RUBIN SALTERELLI
  & BOYD LLP
70 W. Madison, Suite 1800
Chicago, Illinois 60602
Telephone: (312) 444-9960
Facsimile: (312) 444-9287
rhermes@butlerrubin.com
jmorsch@butlerrubin.com

*Attorneys for Prime Group Realty Trust*

Gus P. Coldebella
Matthew G. Lindenbaum
GOODWIN PROCTOR LLP
901 New York Avenue, NW
Washington, DC 20001
Telephone: (202) 346-4034
Facsimile: (202) 346-4444
GColdebella@goodwinprocter.com
MLindenbaum@goodwinprocter.com

Michael K. Forde
FORDE LAW OFFICES, LLP
111 W. Washington St., Suite 1100
Chicago, IL 60602
Telephone: (312) 465-4850
Facsimile: (312) 641-1288
mforde@fordellp.com

*Attorneys for Five Mile Capital Partners LLC, Riverview Realty, LLC, Riverview Realty Merger Sub, LLC, Five Mile Capital II Chicago REIT Preferred Investor SPE LLC, and Five Mile Capital II Chicago REIT Equity Investor SPE LLC*

So ordered:

Matthew Kennelly

Digitally signed by Matthew Kennelly
DN: cn=Matthew Kennelly, o, ou, email=matthew_kennelly@ilnd.uscourts.gov, c=US
Date: 2012.12.07 11:32:59 -06'00'

The Honorable Matthew F. Kennelly

Case 1:12-cv-09350 Document #: 41-1 Filed 12/07/12 Page 17 of 17 PageID #:428

**EXHIBIT A**

*Patricia Fox v. Prime Group Realty Trust, et al.*, No. 1:12-CV-09350 (N.D. Ill.)

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, ____________________________________________ [print or type full name], state:

1. I reside at ____________________________________________________________;

2. My present employer is __________________________________________________;

3. My present occupation or job description is ________________________________;

4. I agree to keep confidential all information provided to me in the matter of ***Patricia Fox v. Prime Group Realty Trust, et al.***, 1:12-CV-09350, in the United States District Court for the Northern District of Illinois, and to be subject to the authority of that Court in the event of any violation or dispute related to this agreement.

5. I have been informed of and have reviewed the Protective Order entered in this case, and I will not divulge any information, documents or things that are subject to the Protective Order except in accordance with the provisions of the Order. I agree that I will use such information, documents or things solely for purposes of my involvement in this Litigation and shall not use them in any other way.

6. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ___________________________

_____________________________________
[printed name]

_____________________________________
[signature]